# IN THE MATTER OF THE APPEAL OF J. L. OSMER FROM THE RULING OF THE AUDITOR OF THE TERRITORY OF HAWAII.

## No. 1229.

TRIED JUNE 16, 17, 1921.                    DECIDED JUNE 21, 1921.

### COKE, C. J., KEMP AND EDINGS, JJ.

MUNICIPAL CORPORATIONS—*territorial board of health—civil service employee—removal of.*

> Where a person is within the classified civil service employment of the board of health under chapter 65 R. L. 1915 and the rules made by the civil service commission under that chap-

ter there is a contract between the employee and the Territory
in accordance with the provisions of the statute and the rules in
regard to the terms of his employment and if he is discharged or
refused employment in violation of those provisions he may re-
cover his damages in an action of contract.

SAME—same—same—same—measure of damages.

The measure of damages is the pay he would have earned less
what he earned or in the exercise of proper diligence might have
earned.

## OPINION OF THE JUSTICES BY COKE, C. J.

This is an appeal to the justices of the supreme court
perfected by J. L. Osmer from a decision of the auditor of
the Territory of Hawaii dated October 25, 1919, in which
the auditor refused to allow the claim theretofore pre-
sented by the appellant. It appears from the record and
the evidence taken at the hearing that the appellant was
on the 1st day of October, 1918, and for some five years
prior thereto had been, a classified civil service employee
of the board of health of the Territory of Hawaii in the
capacity of sanitary inspector; that on the 1st day of
October, 1918, by order of the president of the board of
health appellant was notified that the board had decided
to reduce its force of sanitary inspectors and for that
reason his services would not be required after the 31st
day of October, 1918, and that although appellant desired
to continue in the service he was prevented by the officials
of the board from so doing from the 1st day of November,
1918, up to and including the 11th day of June, 1919,
during all of which period he had held himself in readi-
ness to return to his duties. There is no pretense that
appellant's dismissal was the result of any fault or de-
linquency on his part. On the 12th day of June, 1919,
the officials of the board of health, apparently realizing
the illegality of their prior act, reinstated appellant and
restored him to his former position. The amount now in

controversy is $810.26, being the salary claimed by the appellant to be due him from November 1, 1918, to and including June 11, 1919, at the rate of $110 per month.

The legislature at the session of 1913 placed the board of health on a civil service basis. Section 926, Chapter 65 R. L. 1915 provides: "Whenever any person has been appointed under the provisions of this chapter and of the rules and regulations made, approved and published in conformity herewith in or under the territorial board of health, he shall hold such position or appointment during good behavior, subject to removal only as provided in said rules and regulations." The board of health was at the date of the dismissal of appellant operating under the law just quoted as well as a complete set of rules theretofore adopted by the civil service commission of the board of health pursuant to the statute. Rule 11 of the commission provides in part as follows: "Whenever any permanent position in the competitive class is abolished or made unnecessary, or whenever the number of positions of a certain character is reduced, the person or persons legally holding such positions shall be deemed to be suspended without pay, and the names of such persons shall, on due notification from the appointing officer, be placed by the commission on a special list, under such classified title and corresponding to such competitive eligible list as, in the judgment of the commission, most nearly cover the class of duties performed by such person in the position from which suspension is made; but no person who has received a permanent appointment shall be suspended from any position for lack of work or appropriation while probationers serving under the same title are employed in the same department office or institution. For a period of one year from the date of suspension such persons shall be entitled to reinstatement in any position, or any grade of such position." From the foregoing it is

to be noted that while the appellant could have been suspended for a period of one year for the purpose of reducing the number of employees the attempt to summarily and completely terminate his services was entirely unauthorized.

It further appears from the evidence that following the dismissal of the appellant from his employment four other employees of the board of health who were performing like services, but who were not civil service employees, were retained and continued in their employment during the whole period covered by the claim of the appellant. This was in contravention of rule 11 of the civil service commission. This rule clearly contemplates that where it becomes necessary to reduce the force the non-civil service employees must be the first to go. For both of the reasons above assigned we must hold that the attempted dismissal of the appellant was unauthorized and contrary to law.

Where a person is within the classified civil service employment of the board of health under chapter 65 R. L. 1915 and the rules made by the civil service commission under that chapter there is a contract between the employee and the Territory in accordance with the provisions of the statute and the rules in regard to the terms of his employment and if he is discharged or refused employment in violation of those provisions he may recover his damages in an action of contract; the measure of damages is the pay he would have earned less what he earned or in the exercise of proper diligence might have earned. For authority to this effect see *Ramson* v. *Boston,* 192 Mass. 299. It is alleged by the appellant, and we think sustained by the evidence, that while he made diligent endeavor to secure other employment during the period covered by his claim he was unsuccessful except for a short period of time during which he oper-

ated an automobile for hire but the net return, if any, to him was insignificant.

The decision of the auditor is reversed and he is ordered to draw a warrant upon the treasury of the Territory in favor of the appellant for the amount claimed.

*A. M. Cristy* (*Brown, Cristy & Davis* and *G. S. Curry* on the brief) for appellant.

*J. Lightfoot,* Acting Attorney General, for the Auditor.